United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATASHA PAYTON,

              Plaintiff,

        v.

COUNTY OF ALAMEDA, et al.,

              Defendants.

Case No. 15-cv-02528-TEH

**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL; SCHEDULING CASE MANAGEMENT CONFERENCE**

This matter is before the Court on James Cook (on behalf of the Law Offices of John L. Burris)'s Motion to Withdraw as Counsel for Plaintiff.  Docket No. 29. Defendants did not file an opposition to the motion.  The Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and hereby VACATES the hearing set for March 28, 2016.  Having carefully reviewed the written arguments of Mr. Cook, and good cause appearing, the motion is hereby GRANTED for the reasons set forth below.

**LEGAL STANDARD**

In this district, the California Rules of Professional Conduct govern motions to withdraw as counsel.  *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008). California Rule of Professional Conduct ("Rule") 3-700(C)(5) allows permissive withdrawal when the client "knowingly and freely assents to termination of the employment."  Rule 3-700(A)(2) provides that counsel "shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [regarding return of papers], and complying with applicable laws and rules."  An attorney's duty to the client

1   upon withdrawal "is not altered by the circumstance of who terminates the relationship."

2   *Acad. of Cal. Optometrists, Inc. v. Superior Court*, 51 Cal. App. 3d 999, 1005-06 (1975).

3          The decision to permit counsel to withdraw is within the sound discretion of the

4   trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  Courts consider

5   several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel

6   seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants;

7   (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent

8   to which withdrawal will delay resolution of the case."  *Deal v. Countrywide Home Loans*,

9   No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

10

11   **DISCUSSION**

12          Mr. Cook has requested permissive withdrawal from his representation of Plaintiff

13   Natasha Payton pursuant to Local Rule 11-5(a) and Rule 3-700 of the California Rules of

14   Professional Conduct.  Mr. Cook contends that irreconcilable differences existed regarding

15   settlement, and that Ms. Payton sought representation by other counsel and requested that

16   Mr. Cook's office return her file.  Mot. at 2.  Mr. Cook attached a series of emails

17   demonstrating Ms. Payton's desire to "move on from this bad experience" and "leave."

18   Ex. A to Mot.  In one of the emails dated January 11, 2016, Ms. Payton requested that her

19   file be "ready to go" for her to pick up.  *Id.*  On February 12, 2016, Mr. Cook stated that

20   his office had returned Ms. Payton's file.  Docket No. 37.

21          The Court has considered the applicability of Rule 3-700(C)(5) and has balanced

22   Mr. Cook's reasons for seeking withdrawal against potential prejudice to the parties, harm

23   to the administration of justice, and delay.  The Court finds that Mr. Cook has cited

24   legitimate reasons in support of his motion to withdraw, and that due to the early stage of

25   this litigation, there would be minimal prejudice to the parties, harm to the administration

26   of justice, or undue delay if the Court allows Mr. Cook to withdraw.  There have been no

27   substantive motions filed in this case and only one Case Management Conference has

28

United States District Court
Northern District of California

occurred.  Therefore, Mr. Cook's withdrawal would not disrupt the proceedings. For these reasons, the Court GRANTS Mr. Cook's motion to withdraw.

However, it is unclear to the Court from the submitted papers whether Ms. Payton has obtained new counsel, and no substitution of counsel has been filed thus far. Therefore, Mr. Cook shall continue to forward papers to Ms. Payton.  *See* Civ. L. R. 11-5(b) ("When withdrawal . . . is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se.").

**CONCLUSION**

The Law Offices of John L. Burris and all of its members are hereby permitted to withdraw as counsel of record in the above-captioned action for Plaintiff Natasha Payton, effective immediately upon issuance of this Order.  The Law Offices of John L. Burris shall continue to receive all papers served in this action and forward them to Ms. Payton until substitute counsel is appointed or Ms. Payton appears pro se.

The Court hereby schedules a Case Management Conference on **Monday, April 25, 2016** at 1:30 PM, in Courtroom 12 on the 19th Floor of the Phillip Burton Federal Courthouse.  Ms. Payton shall appear at the Case Management Conference with her new counsel or be prepared to present to the Court specific information as to her attempts to obtain new counsel.  The parties shall file a joint case management statement no later than **April 18, 2016.**

**IT IS SO ORDERED.**

Dated:  03/21/16

THELTON E. HENDERSON
United States District Judge